An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-748

Filed 6 May 2026

Mecklenburg County, Nos. 21CR212451-590 and 21CR212449-590

STATE OF NORTH CAROLINA

       v.

JARRELL MARCEL CUNNINGHAM, Defendant.


Appeal by defendant from judgment entered 16 December 2024 by Judge Clifton Smith in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 March 2026.


*Attorney General Jeff Jackson, by Special Deputy Attorney General Kathryne E. Hathcock, for the State.*

*Joseph M. Jennings, for defendant-appellant.*


FLOOD, Judge.


Defendant Jarrell Marcel Cunningham appeals from his convictions for felony serious injury by vehicle and driving while license revoked. Defendant argues on appeal that the trial court plainly erred in allowing the State's expert to opine on the proximate cause of the accident forming the basis for the convictions. After careful review, we hold the trial court erred by allowing the expert's testimony, as proximate

cause is a legal term of art; however, this error did not rise to the level of plain error because Defendant has not shown the jury would have reached a different result absent the error.

## I. <u>Factual and Procedural Background</u>

On the night of 24 April 2024, Defendant was driving a black Chevy Cavalier on Shamrock Drive in Charlotte when he collided with a white Chevy Malibu containing Kayla Strickland, her boyfriend, and her two children, P.S. and B.S.[1] Defendant was the only occupant of the Cavalier, which had heavy damage to the front end.

Emergency personnel stated that, when they arrived on the scene, Defendant "appeared to have slurred speech . . . and there was [a] strong odor of alcohol inside the vehicle." In addition, Defendant was "in and out of consciousness." Defendant complained of shoulder pain. From the other vehicle, both minor children sustained injuries. B.S., then eight years old, suffered from a bruised lung and had to spend one night in the hospital. P.S., then ten years old, suffered a fractured pelvis, two broken teeth, a fractured jawbone, a possible concussion, and a broken foot. P.S. spent "a couple of days" in the hospital.

Defendant's blood was collected pursuant to a warrant over three hours after the collision. Defendant's blood alcohol concentration was determined to be "0.15

---

[1] We use pseudonyms to protect the identities of the minor children. *See* N.C. R. App. P. 42 (2025).

grams of alcohol per 100 milliliters of whole blood" at the time it was collected. Subsequently, on 7 March 2022, a grand jury indicted Defendant on two counts of felony serious injury by vehicle for the injuries to B.S. and P.S. and one count of driving with a revoked license.

The matter came on for trial in Mecklenburg County on 10 December 2024. At trial, Ms. Strickland could not remember if her children were wearing seatbelts at the time of the accident, though she testified she "always" told them to wear one. Hospital staff treating the children after the accident noted that P.S. was an "unrestrained" passenger while B.S. was restrained by a seatbelt.

Additionally, the State called Detective Daniel Buckley as an expert witness in motor vehicle crash reconstruction, and he was tendered as such without objection. He testified that Ms. Strickland "had taken her foot off the accelerator" in preparation to turn left or make a U-turn and was only going nine miles per hour at the time of the collision. As she was making the U-turn, the rear passenger side of Ms. Strickland's vehicle was struck by Defendant's vehicle. Detective Buckley testified that, based on his calculations of the scene, which took into account the thirty-five miles per hour speed zone and the wet road conditions, Defendant was going over sixty miles per hour when the vehicles collided. Due to road conditions, Detective Buckley was unable to determine whether Defendant applied his brakes before the collision.

Detective Buckley also testified, in relevant part, that he "knew that the proximate cause of this crash was that high rate of speed and [Defendant's] impairment[.]" Defense counsel did not object. In addition, Detective Buckley, when directly asked what caused P.S.'s and B.S.'s injuries, stated that "[t]he vehicle trave[l]ing at 60 miles per hour in a 35-miles-per-hour zone that failed to reduce speed to avoid that collision is what caused that, while driving impaired."

The jury subsequently convicted Defendant of felony serious injury by vehicle for the charge for injuries to P.S. and for driving with a revoked license. He was found not guilty for felony serious injury by vehicle for the injuries to B.S. The trial court sentenced Defendant to fourteen to twenty-six months' imprisonment. Defendant gave oral notice of appeal.

## II. **Jurisdiction**

This Court has jurisdiction to review a final judgment of a superior court pursuant to N.C.G.S. § 7A-27(b)(1) (2023).

## III. **Analysis**

On appeal, Defendant argues the trial court plainly erred by allowing Detective Buckley to testify to the "proximate cause" of the children's injuries. Specifically, Defendant contends this testimony constituted knowledge beyond Detective Buckley's expertise and that this error was prejudicial. For the reasons explained below, we conclude that, although the trial court erred by allowing Detective Buckley

to testify regarding the "proximate cause" of the children's injuries, the error did not amount to plain error.

We review unpreserved evidentiary errors on appeal for plain error. *State v. Odom*, 307 N.C. 655, 660 (1983). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518 (2013) (citing *Odom*, 307 N.C. at 660). Additionally, "the defendant must show that the error had a 'probable impact' on the outcome, meaning that[,] 'absent the error, the jury probably would have returned a different verdict.'" *State v. Reber*, 386 N.C. 153, 158 (2024) (quoting *Lawrence*, 365 N.C. at 518–19). The defendant must show that the "error seriously affects 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 158 (quoting *Lawrence*, 365 N.C. at 518).

An expert witness may give opinion testimony based on "scientific, technical or other specialized knowledge" to "assist the trier of fact to understand the evidence or to determine a fact in issue[.]" N.C.G.S. § 8C-1, Rule 702(a) (2023). In addition, an expert witness's "[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." N.C.G.S. § 8C-1, Rule 704 (2023). Nonetheless, "[a]n expert may not testify that a particular legal conclusion or standard has or has not been met, at least where the standard is a legal term of art which carries a specific legal meaning not readily apparent to the witness." *State v. Ledford*, 315 N.C. 599, 617 (1986) (citing *State v. Smith*, 315 N.C. 76 (1985)). In addition, "[t]he well-established rule is that opinion

testimony to the effect that a defendant's *conduct* caused injury or death is clearly inadmissible as a legal conclusion." *Id.* at 619. Because "proximate cause" is a legal term of art, it is inadmissible for an evidentiary purpose. *State v. Crawford*, 329 N.C. 466, 477–78 (1991). In contrast, "[t]he terms 'voluntary,' 'threatened,' and 'coerced' have no specific technical or legal meanings . . . and are not 'words of art[.]'" *Id.* at 478 (citations omitted).

Defendant relies heavily on *Ledford*, in which the defendant was convicted of first degree felony murder after the victim died from a blood clot over a week after a burglary by the defendant left her with injuries. 315 N.C. at 602, 604. The pathologist who conducted the autopsy on the victim testified that, in his opinion, the traumatic injuries "were a proximate cause of [the victim's] death." *Id.* at 615. Our Supreme Court held the pathologist's use of the term "proximate cause" was error because "proximate cause" is a legal standard. *Id.* at 620. Nonetheless, while the trial court erred by admitting this portion of the pathologist's testimony, such error did not prejudice the defendant for purposes of plain error because the pathologist was permitted to testify about his reasoning "in considerable detail," allowing the jury to reach its own conclusion. *Id.* at 620–21.

We find *Ledford* instructive. Here, similar to *Ledford*, the trial court erred by allowing Detective Buckley to testify "that the proximate cause of this crash was that high rate of speed and impairment[.]" *See id.* at 620. As "proximate cause" is a legal term of art, his testimony improperly stated a legal conclusion. *See id.* Accordingly,

the trial court erred by admitting Detective Buckley's testimony regarding the proximate cause of the crash.

Nonetheless, while admission of Detective Buckley's expert testimony was error, Defendant has not shown that, "absent the error, the jury probably would have returned a different verdict." *Reber*, 386 N.C. at 158 (holding that, although the prosecution's only direct evidence of a crime was the defendant's own testimony, the standard of plain error requires an "examin[ation of] the state of all the evidence except for the challenged evidence and asks whether, in light of that remaining evidence, the jury probably would have done something different"). Here, in addition to Detective Buckley's testimony regarding the crash reconstruction, but absent his testimony regarding the proximate cause of the crash, the jury heard testimony from the emergency personnel who responded to the scene of the crash that Defendant "appeared to have slurred speech . . . and there was [a] strong odor of alcohol inside the vehicle" and Defendant was "in and out of consciousness." The jury heard Ms. Strickland's recollection of the crash, along with her verification of photographs taken at the scene. Moreover, the State introduced testimony from the analyst who conducted an analysis of Defendant's blood, concluding that Defendant's blood alcohol concentration over three hours after the crash was 0.15 grams of alcohol per 100 milliliters of whole blood.

The evidence above shows that Detective Buckley's testimony did not have a probable impact on the jury's verdict. *See Reber*, 386 N.C. at 162. Therefore, we conclude the trial court did not plainly err.

## IV. <u>Conclusion</u>

Upon careful review, we conclude the trial court erred in allowing a witness to testify to the proximate cause of the collision; however, the trial court did not plainly err because Defendant has not shown that, absent this error, the jury probably would have returned a different verdict.

NO PLAIN ERROR.

Judge ZACHARY concurs.

Judge STADING concurs in result only.

Report per Rule 30(e).